**Maya GALYNSKY, Plaintiff,**

v.

**UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE, Immigration and Naturalization Services and Francisco Colon, Defendants.**

**No. 87 CV 739.**

United States District Court, E.D. New York.

June 5, 1989.

George Grollman, New York City, for plaintiff.

Andrew J. Maloney, U.S. Atty., Eastern District of New York, Brooklyn, N.Y. by Millicent Y. Clarke, Asst. U.S. Atty., for defendants.

MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiff seeks an order vacating the Order of Dismissal of this Court, dated July 29, 1988. This case was dismissed without prejudice due to plaintiff's failure to appear for two pre-trial conferences on May 27, 1988, and July 22, 1988.

BACKGROUND

A review of the docket sheet shows that three Scheduling Orders were entered by United States Magistrate John L. Caden. Each Scheduling Order sets a date for the handing up of the pre-trial order. Each Scheduling Order also states "If non-compliance [with the pre-trial order due date], parties to meet with Judge Platt at 11:00 a.m. on Friday [date]." No pre-trial order has ever been filed in this case. The case was called on Friday, May 27, 1988, and again on Friday, July 22, 1988, as the pre-trial order had not been filed in compliance with Magistrate Caden's second and third Scheduling Orders. Plaintiff failed to appear both times. Defendants did appear each time.

On May 27, 1988, the undersigned referred the case back to Magistrate Caden for an amended scheduling order as defendants reported discovery was not complete. Defendants mailed a copy of the third amended Scheduling Order to plaintiff. The third Scheduling Order provided for a final pre-trial conference before Magistrate Caden on July 21, 1988, at which time the pre-trial order was to be handed up. The docket sheet indicates that plaintiff's attorney was not ready to go forward on July 21 and so the conference was adjourned. Defendants called plaintiff as as courtesy to remind plaintiff of the conference before Judge Platt on the morning of July 22, 1988. As a result of plaintiff's failure to appear on July 22, 1988, in compliance with the third Scheduling Order, the undersigned dismissed the complaint and instructed defendants to submit an order.

On July 26, 1988, defendants informed plaintiff by telephone of the results of the conference on July 22 and that a proposed Order of Dismissal would be submitted to the undersigned shortly. Six months later plaintiff brought this motion to vacate the order of dismissal.

DISCUSSION

Plaintiff has offered no explanation to date for the failure to appear on May 27, 1988. Plaintiff's explanation for the failure to appear on July 22, 1988, is that counsel did not believe an appearance was necessary if discovery was complete. While this may have been plaintiff's counsel's belief, the telephone call from defendants' counsel on the morning of July 22 and subsequent call on July 26 as well as the clear language of the Scheduling Order which provides for a conference before the undersigned *only* if the pre-trial order is not timely filed *not,* as characterized by plaintiff's counsel, only if discovery was not complete indicate that this belief is unfounded. Also, defendants' counsel in her Declaration disputes the fact that discovery was complete as she had arranged for two physicians to examine plaintiff and intended to ask Magistrate Caden for an extension of the discovery cut-off date.

Plaintiff's counsel also insists that he did not know of the dismissal until he sent an associate to review the file in the Clerk's Office sometime in August, 1988. Even if this is the case, and it is difficult to ignore sworn declarations to the contrary from two attorneys who were both at the time of these events Special Assistant United States Attorneys in this District, it still does not explain plaintiff's delay in bringing this motion in January 1989 rather than following this "discovery" of the dismissal.[1]

Plaintiff argues that the motion, should be granted as plaintiff's failures to appear were due to mistake or excusable neglect. We do not agree. Due to the complete lack of explanation as to the failure to appear at the conference on May 27, 1988, the failure to appear or communicate with the Court after being reminded to appear on July 22, 1988, by the defendants' counsel and being informed of the results of that conference on July 26, 1988, and the delay of six months in bringing this motion, plaintiff's motion must be and the same is hereby denied.

SO ORDERED.

---

1. Also plaintiff argues that he did not appear on July 22, 1988, because he believed the next required appearance was scheduled before Magistrate Caden on August 3, 1988, and yet he did not appear before Magistrate Caden on that day and does not indicate he had "discovered" the dismissal prior to August 3, 1988.